486

ARNOLD *v.* ARNOLD.

No. 7363. April 19, 1930.

*Robert E. Lee Cone* and *George G. Finch,* for plaintiff in error. *John B. McCallum, E. A. Stephens,* and *Hamilton B. Stephens,* contra.

Beck, P. J.  On March 9, 1925, Leslie P. Arnold filed a petition in the superior court of Fulton County, in which he sought a total divorce from Mildred Avery Arnold.  The defendant was a non-resident.  An order was granted for service by publication, and subsequently an order was taken showing that service had been had as by law required.  On December 1, 1925, a verdict was rendered for the plaintiff, and on April 7, 1926, a second verdict was found for the plaintiff; and in pursuance thereof a decree was taken, granting a total divorce to the parties.  On May 9, 1928, Mildred Avery Arnold filed a petition seeking to have the divorce decree canceled and set aside.  Leslie P. Arnold filed an answer. When the case thus made came on for trial the defendant made a motion for a continuance, which was overruled, and he excepted. After hearing evidence the court directed the jury to find a verdict for the plaintiff, and to this also the defendant excepted.

■  The court properly overruled the motion for a continuance. It was based in part upon the absence of the defendant; but no showing was made as to why he was absent.  Nor did counsel state to the court that he could not safely proceed without the presence of his client, nor that he expected to have him present at the next term of the court.

■  The motion to continue was also based upon the further ground that "a branch of the said case, to wit, Mildred Avery Arnold *v.* Leslie P. Arnold, was, on the 17th day of June, 1929, on for a hearing in the Supreme Court of Georgia, and that the counsel in both cases were the same."  It was not error for the court to overrule this ground, as it in no way appears what questions

were involved in that "branch of the said case" pending in the Supreme Court of Georgia, nor what relation the questions involved in that branch of the case bore to the issues involved in the case on trial.

■ The uncontroverted evidence requiring a finding that there had not been service of the suit for divorce as required by the law relating to service by publication on non-residents, and that under all the facts of the case the plaintiff in the suit to set aside the decree had moved. without delay or laches on her part, the court did not err in directing the verdict excepted to.

*Judgment affirmed. All the Justices concur.*